## Ex Parte Wenar.

### Appeal from the District Court of San Juan.

No. 91.—Decided February 15, 1904.

OWNERSHIP—PRESCRIPTION.—Possession for six or more years, in good faith and with proper title, is sufficient to acquire ownership to real property by prescription.

ID.—GOOD FAITH.—Good faith is always presumed, and the present possessor of land may add to his period of possession the time of occupancy of the former possessor.

ID.—PROPER TITLE.—A proper title is one which is sufficient to convey ownership, provided the grantor is vested therewith, and this fact must be established to the satisfaction of the court.

Id.—Calificación del Título.—La calificación del título ,es decir la determinación de si es ó no justo, es de la exclusiva competencia del Tribunal.

## EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan, á instancia de Mr. Joseph Wenar sobre acreditar el dominio de una finca rústica, pendientes ante *nos* á virtud del recurso de apelación interpuesto por la representación del promovente contra la sentencia dictada por el referido Tribunal de Distrito, que copiada á la letra dice así:

"San Juan, Agosto cuatro de mil novecientos tres. *Resultando* que el abogado, Don Luis Freire Barbosa, de·Mr. Joseph Wenar, instó ante este Tribunal expediente para acreditar el dominio de una finca rústica radicada en el barrio de Candelaria de Bayamón, antes Toa Baja, compuesta de veinte y ocho cuerdas, exponiendo carecer de título escrito de dominio, promoviendo información de testigos que se practicó con citación del Fiscal, anterior poseedor, colindantes y personas desconocidas. á quienes pudiera perjudicar la declaratoria de dominio, siéndolo·estas últimas mediante edictos publicados tres veces en el periódico de San Juan 'The Puerto Rico Sun'. *Resultando*: que tres testigos examinados por el Juez Municipal de Bayamón, mediante delegación de este Tribunal, declararon constarles que el promovente ha dos años viene poseyendo la finca en cuestión que adquirió de Doña Teresa Pinto y Matos, que la venía poseyendo quieta y pacíficamente y en concepto de dueña hacía más de veinte años, habiendo · poseído ambos la finca con buena fé y justo título. *Considerando*: que la posesión por seis ó más años unida á la buena fé y justo título es suficiente para la prescripción adquisitiva del dominio, según la Orden Judicial de 4 de Abril de 1899, pero en el caso presente, si bien existe la posesión de veinte y dos años con buena fé, puesto que el actual poseedor puede sumar á su tiempo de posesión el del anterior poseedor, y la buena fé se presume siempre, la posesión con justo título sólo data de dos años, ó sea desde que el promovente compró á la Señora Pinto, sin que conste el título con que ésta poseyó anteriormente, no pudiendo discernirse si dicho título era ó no justo, esto es, si era ó no bastante para transferir el dominio en el supuesto de que el trasmitente lo tuviere. *Considerando*: que la

SUFFICIENCY OF TITLE—EVIDENCE—PROVINCE OF COURT.—The sufficiency of the evidence to determine the nature of a title to real estate comes exclusively within the province of the court.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan at the instance of Joseph Wenar for the purpose of establishing ownership of a parcel of land, pending before us on appeal by counsel for the petitioner, taken from the decision of aforesaid district court, which reads as follows:

"San Juan, August fourth, one thousand nine hundred and three. Joseph Wenar, through his attorney, Freire Barbosa, instituted proceedings in this court to establish his ownership of a farm situated in *barrio* 'Candelaria' of Bayamón, formerly Toa Baja, consisting of twenty-eight *cuerdas* of land, stating that he had no written title of ownership. He requested the examination of witnesses, which was done, after having cited the *Fiscal*, the previous possessor, the adjoining landholders and such unknown persons as might be prejudiced by the declaration of ownership, the latter through edicts published three times in 'The Puerto Rico Sun,' a newspaper of San Juan. Three witnesses having been examined by the municipal judge of Bayamón, commissioned therefor by this court, testified that the petitioner, to their knowledge, had been two years in possession of the farm in question, which he had acquired from Teresa Pinto y Matos, who had been in the quiet and undisturbed possession thereof, as owner, for over twenty years, both having possessed the farm in good faith and with a proper title. The decision of the court was as follows:

"Possession for six or more years, in good faith and with a proper title, is sufficient for the prescription of ownership, according to the judicial order of April 4, 1899, but in the present case, although there is possession for twenty-two years, with good faith, since the present possessor can add to the time of his possession that of the previous possessor, and good faith is always presumed, yet possession with a proper title has been of only two years, dating from the time the petitioner purchased the farm from Teresa Pinto, the title with which the latter held possession not being known, for which reason it is impossible to determine whether said title was a proper one or not, that is to say, whether or not it was sufficient for the purpose of

circunstancia de que los testigos manifiesten que así el anterior como el actual poseedor, poseyeron con justo título no es suficiente para que el Tribunal lo estime así: pues la calificación del título, esto es, la determinación de si es ó no justo, pertenece á la exclusiva competencia de esta Corte, debiendo los testigos limitarse á manifestar la clase de título por que adquirió la cosa el poseedor, ó lo que es lo mismo, si fué por título de donación, herencia, permuta, compraventa, ú otro semejante; y por otra parte, dichos testigos no dan la razón de ciencia de su dicho. *Considerando.* por lo expuesto, que calificadas las pruebas practicadas con un criterio racional no pueden menos de estimarse insuficientes para justificar el dominio que se interesa. *Visto* el Artículo 395 de la Ley Hipotecaria y orden general citada. No há lugar á declarar el dominio objeto de este expediente. Lo acuerdan y firman los Señores del Tribunal, certifico. Disiento, creo debe declararse con lugar el dominio: Juan Morera Martínez, Frank H. Richmond, José Tous Soto y Luis Mendez Vas''.

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente y en ambos efectos, se elevaron los autos á esta Superioridad con citación y emplazamiento de las partes; y que personado el apelante y sustanciado en forma el recurso, se señaló día para la vista con citación de las partes, á cuyo acto sólo asistió el Señor Fiscal de este Tribunal Supremo, y nó el abogado defensor de la parte apelante.

Abogado del apelante: *Sr. Freire Barbosa* (Luis).

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando*: los fundamentos de hecho y de derecho de la sentencia apelada.

Vistos el Artículo 395 de la Ley Hipotecaria y la Orden Judicial de cuatro de Abril de 1899.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

a transfer of ownership, upon the supposition that the alienator had such a title. The fact that the witnesses testify that both the previous and present possessor held with a proper title is not sufficient for the court to find that such was the case; for the appreciation of the title, that is to say, the determination as to whether it is a proper one or not, appertains exclusively to the jurisdiction of this court, the witnesses being confined to stating the kind of title by which the possessor acquired the property, namely, whether it was by gift, inheritance, exchange, purchase and sale or other similar means; and, furthermore, the witnesses have failed to give the ground upon which their knowledge is based. For the foregoing reasons, after weighing with sound judgment the evidence submitted, this must be held insufficient to establish the ownership claimed. In view of articles 395 of the Mortgage Law and aforementioned General Order, we adjudge that the declaration of ownership which forms the subject-matter of these proceedings must be refused.

"Concurred in and signed by the judges of the court, to which I certify. I dissent and hold that the declaration of ownership should be made. Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this decision counsel for petitioner entered an appeal, which was admitted for review and stay of proceedings. The papers were then forwarded to this court, with citation of the parties, and the appellant appearing, the appeal was perfected and a day set for the hearing thereof, at which the *Fiscal* of the Supreme Court appeared, but not counsel for appellant.

*Mr. Freire Barbosa (Luis)*, for appellant.

*Mr. del Toro, Fiscal*, for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the opinion of the court.

The findings of fact and conclusions of law contained in the decision appealed from are accepted.

In view of article 395 of the Mortgage Law and Judicial Order of April 4, 1899, we adjudge that we should affirm and do affirm the decision appealed from, with costs against appellant.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## El Pueblo *v.* Lopez.

### Apelación procedente de la Corte de Distrito de Ponce.

No. 45.—Resuelto en Febrero 18, 1904.

Apelación.—Felony.—En los casos por delitos (*felony*) las apelaciones deben versar sobre cuestiones de derecho.

Extorsion.—Funcionario Publico.—Un funcionario público que valiéndose de su capacidad oficial, sacare dinero á otra persona por medio de amenaza que al efecto le hiciera de denunciarle por supuestas infracciones de ley, es culpable de extorsión.

Sentencia.—Acusado.—Las advertencias á que se refiere el Artículo 318 del Código de Enjuiciamiento Criminal, deberán hacerse al acusado ántes del pronunciamiento de la sentencia y después de dictado el veredicto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. del Toro* (Fiscal).

El Juez Asociado Sr. Figueras emitió la siguiente opinión del Tribunal.

Se ha perseguido en esta causa un delito grave de extorsión, ante la Corte de Distrito de Ponce, quien, después de tramitarla conforme á ley, dictó sentencia en 13 de Agosto del año próximo pasado, condenando á José Lopez Gaztambide, á la pena de un año de presidio con trabajos forzados, que deberá extinguir en el Departamental de la Isla, y al pago de las costas causadas en este juicio. Esta sentencia condenatoria se funda en la acusación jurada, que dice así:

"El Fiscal formula acusación contra José Lopez Gaztambide por el delito grave de extorsión, comprendido en el Artículo 458 del Código Penal, cometido como sigue: En el mes de Julio de 1902, siendo jefe de las fuerzas de la Policía Insular destacadas en el pueblo de Yauco, de este Distrito Judicial, el segundo Teniente de dicho

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.